IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KRANOS IP CORPORATION, KRANOS IP II CORPORATION, KRANOS CORPORATION DBA SCHUTT SPORTS,<br><br>*Plaintiffs*,<br><br>v.<br><br>RIDDELL, INC.,<br><br>*Defendant*. | Civil Action No.:<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Kranos IP Corporation, Kranos IP II Corporation, and Kranos Corporation dba Schutt Sports (collectively, "Plaintiffs"), by their undersigned counsel, and for their Complaint against Defendant Riddell, Inc. hereby allege as follows:

### SUMMARY OF NATURE OF ACTION

1.  This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### PARTIES

2.  Plaintiff Kranos IP Corporation ("KIP"), is a Delaware corporation with its principal place of business located at 710 South Industrial Drive, Litchfield, Illinois, 62056.

3.  Plaintiff Kranos IP II Corporation ("KIPII"), is a Delaware corporation with its principal place of business located at 710 South Industrial Drive, Litchfield, Illinois, 62056.

4. Plaintiff Kranos Corporation dba Schutt Sports ("Schutt") is a Delaware corporation with its principal place of business located at 710 South Industrial Drive, Litchfield, Illinois, 62056.

5. Plaintiff Schutt is a leading supplier of protective and sports equipment, including football helmets.

6. Defendant Riddell, Inc. ("Defendant" or "Riddell") is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois, 60018.

7. Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, protective and sports equipment, including football helmets.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because Defendant engages in business within this District, Defendant has committed acts of infringement in violation of 35 U.S.C. § 271, and Defendant has placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are shipped into, sold, and/or used in this District. These acts have caused injury to Plaintiffs within this District and continue to cause injury to Plaintiffs within this District. Defendant derives substantial revenue from the sale of infringing products distributed within the District. Defendant expects or should reasonably expect its actions to have consequences within this District and Defendant derives substantial revenue from interstate commerce.

10. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,434,755

11. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

12. Plaintiff KIPII is the owner of all rights and interests in U.S. Patent No. 6,434,755, entitled "Helmet" ("the '755 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on August 20, 2002. A true and correct copy of the '755 patent is attached as **Exhibit A** and made a part hereof.

13. Plaintiff Schutt is a licensee of the '755 patent with a right to enforce the patent.

14. The '755 patent lists P. David Halstead, Cherie F. Alexander, and Thad Ide as inventors.

15. Defendant has had knowledge of the '755 patent at least as of the date that Thad Ide, a named inventor of the '755 patent, began his employment with Defendant. On information and belief, Mr. Ide is currently Defendant's head of Research and Development and has been employed by Defendant for more than ten years.

16. Defendant has also had knowledge of the '755 patent at least as of July 22, 2016, the date that Kranos Corporation, d/b/a Schutt Sports produced a copy of the '755 patent to Plaintiff in Case No. 1:16-cv-4496, *Riddell, Inc. v. Kranos Corporation d/b/a Schutt Sports* (N.D.Ill.).

17. Defendant also had knowledge of the '755 patent at least as of August 19, 2016, the date that Kranos Corporation, d/b/a Schutt Sports identified the '755 patent in its IPR petition relating to Defendant's U.S. Patent No. 8,938,818, *IPR2016-01650.*

18. Defendant has also had knowledge of the '755 patent at least as of December 20, 2016, the date that Kranos Corporation, d/b/a Schutt Sports identified the '755 patent in its

invalidity contentions in Case No. 1:16-cv-4496, *Riddell, Inc. v. Kranos Corporation d/b/a Schutt Sports* (N.D.Ill.)

19. Defendant has at no time been licensed under the '755 patent.

20. Defendant has infringed and continues to infringe one or more claims of the '755 patent, literally and/or under the doctrine of equivalents, by its manufacture, use, sale, importation, and/or offer for sale of certain football helmets that embody one or more claims of the '755 patent, including but not limited to the following football helmets: SpeedFlex, Revolution Speed, Revolution Speed Classic, 360, Revolution IQ, Foundation, Revolution Edge, Revolution Attack, Revolution Attack-I, Attack, Victor-I, and Victor.

21. By way of example, Claim 11 of the '755 patent recites as follows:

> A helmet, comprising a shell having a rear portion and opposite side portions having ear holes and an offset defined on a substantially continuous portion of the shell extending between the rear and opposite side portions for increasing the flexural resistance of the shell, wherein the offset extends substantially between the ear holes.

22. Defendant's SpeedFlex, Revolution Speed, Revolution Speed Classic, 360, Revolution IQ, Foundation, Revolution Edge, Revolution Attack, Revolution Attack-I, Attack, Victor-I, and Victor football helmets include each and every limitation of one or more claims of the '755 patent, including at least Claim 11.

23. By way of example, Defendant's Revolution Speed Classic football helmet meets each and every limitation of Claim 11 of the '755 patent as shown below:



## Riddell Youth Revolution Speed Classic – '755 Patent, Claim 11

Front View

Rear View

Left Side View

Right Side View

A <u>helmet</u>, comprising a <u>shell</u> having a <u>rear portion</u> and <u>opposite side portions</u> having <u>ear holes</u> and an <u>offset defined on a substantially continuous portion of the shell extending between the rear and opposite side portions for increasing the flexural resistance of the shell, wherein the offset extends substantially between the ear holes</u>.

24. Defendant's infringement of the '755 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Defendant had prior knowledge of the '755 patent as discussed above. Nevertheless, Defendant has infringed and continues to infringe the '755 patent despite an objectively high likelihood that its actions constituted infringement.

25. Plaintiffs have been injured and damaged by Defendant's infringement of the '755 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,498,014

26. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

27. Plaintiff Kranos IP Corporation is the owner of all rights and interests in U.S. Patent No. 9,498,014, entitled "Protective Helmet" ("the '014 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on November 22, 2016. A true and correct copy of the '014 patent is attached as **Exhibit B** and made a part hereof.

28. Plaintiff Schutt is a licensee of the '014 patent with a right to enforce the patent.

29. The '014 patent lists Michael M. Princip, James C. Wingo, and Jeremy J. Thompson as inventors.

30. On information and belief, Defendant has had knowledge of the '014 patent at least as of the issue date of the '014 patent because Defendant routinely monitors patents that are issued in the field of protective and sports helmets, including the football helmet field.

31. On information and belief, Defendant also has had knowledge of the '014 patent at least as of the issue date of the '014 patent because the application that led to the '014 patent and/or related applications were provided to Defendant, Defendant's employees, and/or Defendant's agents, and Defendant routinely monitors patents that are issued in the field of protective and sports helmets, including the football helmet field.

32. Defendant has also had knowledge of the '014 patent at least as of the date of the service of this Complaint.

33. Defendant has at no time been licensed under the '014 patent.

34. Defendant has infringed and continues to infringe one or more claims of the '014 patent, literally and/or under the doctrine of equivalents, by its manufacture, use, sale, importation, and/or offer for sale of certain football helmets that embody one or more claims of the '014 patent, including but not limited to the following football helmets: adult and youth football helmets in the SpeedFlex model line.

35. By way of example, independent claim 3 of the '014 patent recites as follows:

> A football helmet comprising:
> an outer shell made of injection-molded plastic and comprising a pressable front section, the front section defined by a plurality of slits through the outer shell,
> an energy absorbing layer protected by the outer shell and having an outer surface, the outersurface including a raised ridge;
> the raised ridge positioned in the slits;
> ear holes formed in the outer shell;
> two rows of vent openings extending from the front of the outer shell to the rear of the outer shell;
> wherein the outer shell has a locally increased thickness at the plurality of the slits.

36. Defendant's SpeedFlex football helmets include each and every limitation of one or more claims of the '014 patent, including at least Claims 3, and 4-16.

37. By way of example, Defendant's SpeedFlex football helmet meets each and every limitation of Claim 3 of the '014 patent as shown below:



## Riddell SpeedFlex – '014 Patent, Claim 3

**Perspective View**

**Helmet Liner**

**Side View**

**Front View**

A football helmet comprising:

an outer shell made of injection-molded plastic and comprising a pressable front section, the front section defined by a plurality of slits through the outer shell,

an energy absorbing layer protected by the outer shell and having an outer surface, the outersurface including a raised ridge;

the raised ridge positioned in the slits;

ear holes formed in the outer shell;

two rows of vent openings extending from the front of the outer shell to the rear of the outer shell;

wherein the outer shell has a locally increased thickness at the plurality of the slits.

38. Defendant's infringement of the '014 patent is willful and deliberate and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Defendant had prior knowledge of the '014 patent as discussed above. Nevertheless, Defendant has infringed and continues to infringe the '014 patent despite an objectively high likelihood that its actions constituted infringement.

39. Plaintiffs have been injured and damaged by Defendant's infringement of the '014 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,499,366

40. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

41. Plaintiff Kranos IP Corporation is the owner of all rights and interests in U.S. Patent No. 8,499,366, entitled "Helmet with Shell Having Raised Central Channel" ("the '366 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on August 6, 2013. A true and correct copy of the '366 patent is attached as **Exhibit C** and made a part hereof.

42. Plaintiff Schutt is a licensee of the '366 patent with a right to enforce the patent.

43. The '366 patent lists Kenneth W. Nimmons, David Rogers, Duco Noordzij, Eduard Milea, Larry Maddux, and Ray Drake as inventors.

44. Defendant has had knowledge of the '366 patent at least as of February 28, 2017, the date that Kranos Corporation, d/b/a Schutt Sports produced a copy of the '366 patent to

Plaintiff in Case No. 1:16-cv-4496, *Riddell, Inc. v. Kranos Corporation d/b/a Schutt Sports* (N.D.Ill.)

45.     On information and belief, Defendant has had knowledge of the '366 patent at least as of the issue date of the '366 patent because Defendant routinely monitors patents that are issued in the field of protective and sports helmets, including the football helmet field.

46.     Defendant has at no time been licensed under the '366 patent.

47.     Defendant has infringed and continues to infringe one or more claims of the '366 patent, literally and/or under the doctrine of equivalents, by its manufacture, use, sale, importation, and/or offer for sale of certain football helmets that embody one or more claims of the '366 patent, including but not limited to the following football helmets: Revolution Speed, Revolution Speed Classic, 360, Foundation, Revolution Edge, Revolution Attack, Revolution Attack-I, Attack, Victor-I, and Victor.

48.     By way of example, independent claim 14 of the '366 patent recites as follows:

A football helmet, comprising:

a shell configured to fit about a head of a wearer of the helmet, the shell comprising: an inner side and an outer side, a top portion defining a front edge, the top portion having a raised central channel at least at one of a front area and a top area of the top portion of the shell, with a plurality of vent openings on each side of the channel, the vent openings being spaced from each other on each side of the channel, from front to back, along the helmet shell; and a bottom portion adjoining the top portion, the bottom portion defining: a first side edge that is integral with a first end of the front edge; and a second side edge that is integral with a second end of the front edge, wherein the front edge, first side edge, and second side edge define a segment of a circumference of the shell, the bottom portion containing a pair of earholes on respective sides of the bottom portion, each positioned rearwardly of the respective first and second side edges, wherein a front portion of the central channel is at the front edge,
wherein the raised central channel defines a depression in the inner ide of the shell with respect to the other portions of the inner side of the shell, the depression in the inner side of the shell within the raised central channel containing shock absorbing material.

49.     Defendant's Revolution Speed, Revolution Speed Classic, 360, Foundation, Revolution Edge, Revolution Attack, Revolution Attack-I, Attack, Victor-I, and Victor football

helmets include each and every limitation of one or more claims of the '366 patent, including at least Claims 14, 16, and 18-19.

50. By way of example, Defendant's Speed helmet meets each and every limitation of Claim 14 of the '366 patent as shown below:

**Riddell Speed - '366 Patent, Claim 14**

**Perspective View**

**Side View**

A football helmet, comprising: a shell configured to fit about a head of a wearer of the helmet, the shell comprising: an inner side and an outer side, a top portion defining a front edge, the top portion having a raised central channel at least at one of a front area and a top area of the top portion of the shell, with a plurality of vent openings on each side of the channel, the vent openings being spaced from each other on each side of the channel, from front to back, along the helmet shell; and a bottom portion adjoining the top portion, the bottom portion defining: a first side edge that is integral with a first end of the front edge; and a second side edge that is integral with a second end of the front edge, wherein the front edge, first side edge, and second side edge define a segment of a circumference of the shell, the bottom portion containing a pair of earholes on respective sides of the bottom portion, each positioned rearwardly of the respective first and second side edges, wherein a front portion of the central channel is at the front edge,

*wherein the raised central channel defines a depression in the inner ide of the shell with respect to the other portions of the inner side of the shell, the depression in the*





51. Defendant's infringement of the '366 patent is willful and deliberate and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Defendant had prior knowledge of the '366 patent as discussed above. Nevertheless, Defendant has infringed and continues to infringe the '366 patent despite an objectively high likelihood that its actions constituted infringement.

52. Plaintiffs have been injured and damaged by Defendant's infringement of the '366 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of a judgment in their favor and against Defendant as follows:

A. Declaring that Defendant has infringed one or more claims of the '755 patent, '014 patent, and '366 patent, and such infringement has been willful;

B. Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined from further infringement of the '755 patent, '014 patent, and '366 patent under 35 U.S.C. § 283;

C. Plaintiffs be awarded all damages adequate to compensate Plaintiffs for Defendant's infringement of the '755 patent, '014 patent, and '366 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiffs, with pre- and post-judgment interest;

D. This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiffs be awarded attorneys' fees, costs, and all expenses incurred in this action;

E. Plaintiffs be awarded all actual and compensatory damages; and

F. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.

Dated: May 18, 2017

SIEBMAN, BURG, PHILLIPS & SMITH, LLP

By /s/ Michael Smith
Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75670
T-903.938.8900
michaelsmith@siebman.com

Richard D. Harris
James J. Lukas, Jr.
Matthew Levinstein
Greenberg Traurig, LLP
77 West Wacker Drive, Ste. 3100

<div style="text-align: right">

Chicago, IL  60601  
T-312.456.8400/F-312.456.8435  
harrisr@gtlaw.com  
lukasj@gtlaw.com  
levinsteinm@gtlaw.com  

</div>

*Attorneys for Plaintiffs*

- 14 -